AO 108 (Rev. 06/09) Application for a Warrant to Seize Property Subject to Forfeiture

# United States District Court

### __EASTERN__ District of __CALIFORNIA__



FILED

**Mar 22, 2024**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

In the Matter of the Seizure of
(*Briefly describe the property to be seized*)

All funds maintained at Coinbase belonging to
Matthew Luke Gillum, User ID
6453e753c0f5bd072ac3094c to include
2.80947677 Ethereum, 382.921671 Tether,
1,409.606976 USDC and 483.902400000 Solana.

**APPLICATION FOR A WARRANT TO SEIZE
PROPERTY SUBJECT TO FORFEITURE**

CASE NUMBER:

2:24-sw-0306 DB

I, a federal law enforcement officer or attorney for the government, request a seizure warrant and state under penalty of perjury that I have reason to believe that the following property in the Northern District of __CALIFORNIA__ is subject to forfeiture to the United States of America (*describe the property*):

All funds maintained at Coinbase belonging to Matthew Luke Gillum, User ID 6453e753c0f5bd072ac3094c to include 2.80947677 Ethereum, 382.921671 Tether, 1,409.606976 USDC and 483.902400000 Solana.

The property is subject to seizure pursuant to 18 U.S.C. § 981(b), and subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C), and 21 U.S.C. § 881(a)(6), concerning violations of 18 U.S.C. §§ 1956 and 1957, and 21 U.S.C. §§ 841(a)(1) and 846.

The application is based on these facts:

**See attached affidavit.**

☒ Continued on the attached sheet.

_____
/s/ Christopher S. Fitzpatrick
*Applicant's signature*

Christopher S. Fitzpatrick, Special Agent, IRS-CI
*Printed name and title*

Sworn to before me and signed telephonically.

March 22, 2024
Date

Sacramento, California
City and State

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

I, Christopher S. Fitzpatrick, having been duly sworn, state as follows:

## I.    INTRODUCTION AND AGENT BACKGROUND

1.    I make this affidavit in support of an application authorizing a seizure warrant for forfeiture of the following asset under Rule 41 of the Federal Rules of Criminal Procedure:

> All funds maintained at Coinbase belonging to Matthew Luke Gillum, User ID 6453e753c0f5bd072ac3094c to include 2.80947677 Ethereum, 382.921671 Tether, 1,409.606976 USDC and 483.902400000 Solana ("The Asset").

2.    Based on my training and experience and the facts set forth in this affidavit, I submit there is probable cause that Matthew Luke GILLUM ("GILLUM") sold and distributed illegal narcotics on the dark web via the Silk Road Marketplace and laundered the criminally derived proceeds, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 18 U.S.C. §§ 1956, 1957.  There is probable cause to believe The Asset is proceeds of the sale and distribution illegal narcotics and constitutes proceeds of specified unlawful activity and assets involved in money laundering violations.  Accordingly, the assets are subject to seizure pursuant to 18 U.S.C. § 981(b) and forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A), (C), and 21 U.S.C. § 881(a)(6).

3.    I am a Special Agent of the Department of Treasury, Internal Revenue Service – Criminal Investigation ("IRS-CI") and have been since September 2001.  I am currently assigned to the IRS-CI Sacramento Office and I am charged with investigating drug trafficking and money laundering activities in the Eastern District of California, and elsewhere.  I am a law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), and I am empowered by law to conduct investigations and make arrests for federal felony offenses.  Additionally, I am a federal law enforcement officer within the meaning of Rule 41(a)(2)(C) of the Federal Rules of Criminal Procedure, that is, a federal law enforcement agent engaged in enforcing criminal laws and authorized to request seizure warrants.

4.    I was trained at a Federal Law Enforcement Training Center located in Glynco, Georgia.  During my training, I received special training in Money Laundering, including but not limited to, 18 U.S.C. §§ 1956, 1957.  I have also received special training in Specified Unlawful Activities, including but not limited to, 21 U.S.C. §§ 846 and 841(a)(1), Controlled Substance Violations and Conspiracy to Commit Controlled Substance Violations, respectively.  I have also spoken to and worked with experienced federal, state, and municipal agents and narcotics officers regarding the methods and means employed by drug manufacturers and drug traffickers.

## II.    SEIZURE AND FORFEITURE AUTHORITY

5.    18 U.S.C. § 981(a)(1)(A) subjects to forfeiture to the United States any property, real or personal, involved in a transaction or attempted transaction in violation of section 18 U.S.C. §§ 1956, 1957, and 1960, or any property traceable to such property.

6.    18 U.S.C. § 981(a)(1)(C) subjects to forfeiture to the United States any property, real or personal, which constitutes, or is derived from proceeds traceable to an offense constituting "a specified unlawful activity" as defined by 18 U.S.C. § 1956(c)(7).  Section 1956(c)(7) states that "specified unlawful activity" includes any act or activity constituting an offense listed in 18 U.S.C. § 1961(1).

Offenses listed in 18 U.S.C. § 1961(1) including 21 U.S.C. §§ 83 et al. and 84 P(a)(1), among other violations.

7.      21 U.S.C. § 881(a)(6) provides that, the property shall be subject to forfeiture to the United States and no property right shall exist in them: All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this chapter.

8.      Pursuant to 18 U.S.C. § 981(b)(3), and notwithstanding the provisions of Rule 41(a) of the Federal Rules of Criminal Procedure, a seizure warrant may be issued pursuant to this subsection by a judicial officer in any district in which a forfeiture action against property may be filed and may be executed in any district in which the property is found.

9.      18 U.S.C. § 981(b) generally provides that any property subject to forfeiture under 18 U.S.C. § 981(a) may be seized by the Attorney General pursuant to a warrant obtained in the same manner as provided for a search warrant under the Federal Rules of Criminal Procedure.

## III.  STATEMENT OF PROBABLE CAUSE

**GILLUM Arrested at Sacramento International Airport**

10.      On February 28, 2024, I obtained a federal arrest warrant for GILLUM for engaging in monetary transactions in property derived from specified unlawful activity, in violation of 18 U.S.C. § 1957, Case No. 2:24-MJ-0023-JDP.  The affidavit in support of the criminal complaint is incorporated by this reference.

11.      At approximately 1:45 p.m., on February 28, 2024, law enforcement observed GILLUM exit Gate #2 from disembarking American Airlines Flight #2248.  GILLUM was wearing a backpack and using a cell phone.  Approximately 25 yards from Gate #2, law enforcement took the phone GILLUM was holding and the backpack GILLUM was wearing from him, placed him in handcuffs, and took GILLUM into custody without incident.

12.      After GILLUM was arrested, law enforcement took him into a room utilized by the Sacramento County Sheriff's Department – Airport Division.  While walking GILLUM to this room, GILLUM made unsolicited comments stating multiple times something to the effect that he had not done anything wrong for the past four years.  GILLUM also told law enforcement that he had checked a bag in addition to the backpack on his person.  Sacramento County Deputy Scott Brown retrieved GILLUM's checked bag and brought the bag into the room occupied by GILLUM and others.  Upon doing a search and inventory of GILLUM's belongings, law enforcement located a second cell phone.

**Search Warrant Obtained for Two Cell Phones Belonging to GILLUM**

13.      As described above, law enforcement seized two cell phones; one cell phone from GILLUM's person and one cell phone from GILLUM's belongings.  On March 1, 2024, I obtained a search warrant to search the two cell phones, 2:24-sw-0220 DB.  Those affidavits and warrants are incorporated herein by this reference.

14.      Shortly after obtaining the search warrant for the two cell phones, Tanya Konrad with the

Sacramento FBI Computer Analysis and Response Team was able to gain access into the cell phone that had been seized from GILLUM's person. Upon gaining access into the cell phone, FBI Special Agent Heriberto (Ed) Cadena, who is assigned to the Sacramento FBI Computer Squad, conducted a cursory examination of the cell phone looking for virtual currency. SA Cadena observed a Coinbase App on the cell phone. Upon opening the App and going to the overview section of the App, SA Cadena observed the following:



15.     As described in the various affidavits in support of federal arrest warrants and cell phone searches, law enforcement has obtained bank records and other records establishing that GILLUM has (1) himself, and (2) utilized other family members' identities, to move and sell millions of dollars' worth of Bitcoin that can be traced directly back to the Silk Road Marketplace. Gillum earned Bitcoin as a vendor selling drugs on the Silk Road Marketplace.

16.     Law enforcement has also obtained several email accounts and bank records associated to GILLUM and his family members. A majority of the financial records associated to GILLUM were for the time period starting when GILLUM got out of federal prison to present. An examination of those financial records showed no gainful employment by GILLUM and to this date, he has lived off the selling of his Bitcoin that was earned while operating on the Silk Road Marketplace. The financial records also showed that GILLUM earned monthly rental income of approximately $13,000 from a multi-million dollar condo that GILLUM owned that was purchased by a family member on his behalf under a trust. Law enforcement can trace that the money used to purchase the condo came from Bitcoin

3

sold by GILLUM that was unlawfully obtained by GILLUM operating on the Silk Road Marketplace.

**Forfeiture Complaints Filed Against Assets Purchased by GILLUM Using Drug Proceeds Earned While a Silk Road Vendor**

17.     On March 3, 2024, the United States Attorney's Office – Eastern District of California filed a Verified Complaint for Forfeiture in Rem.  *See* 2:24-CV-00691-AC.  The complaint alleged that on December 30, 2021, GILLUM used a family member to purchase a beachfront condo located at 16275 Collins Avenue, Unit 2601, Sunny Isles Beach, Florida for $2,150,000.   The funds used to purchase the Collins Avenue property can be traced to Bitcoin earned by GILLUM operating on the Silk Road marketplace.

18.     On March 21, 2024, the United States Attorney's Office – Eastern District of California filed a Verified Complaint for Forfeiture in Rem.  *See* 2:24-CV-00889-TLN-JDP.  The complaint alleged that on February 14, 2020, GILLUM purchased two adjacent properties on River Road in Guerneville, CA, totaling approximately 3.5 acres in size.  GILLUM purchased the properties for over approximately $900,000.  Law enforcement believes the funds used to purchase the two properties are from proceeds that GILLUM earned while operating on the Silk Road Marketplace.  The complaint also alleged that in November 2021, GILLUM purchased the property located at 2930 Locan Avenue, Clovis, CA, for $1 million dollars.  The funds used to purchase the Locan Avenue property can be traced to Bitcoin earned by GILLUM operating on the Silk Road marketplace.  In July 2022, less than a year after selling the Locan Avenue selling for $1 million dollars, the Locan Avenue property was sold to a new buyer, for $750,000.  GILLUM through a limited liability company provided seller financing of almost of the purchase price to the new buyer pursuant to the $692,500 Promissory Note secured by a Mortgage, which is deemed an asset held GILLUM.

19.     Each of the forfeiture complaints are incorporated by this reference.

**GILLUM Indicted on Nine Counts of Money Laundering**

20.     On March 14, 2024, GILLUM was indicted in the Eastern District of California for nine counts of Engaging in Monetary Transactions in Property Derived from a Specified Unlawful Activity, in violation of 18 U.S.C. § 1957. See 2:24-cr-0053 TLN. The indictment alleged that between December 9, 2020 and January 19, 2021, GILLUM conducted nine money laundering transactions totaling $3,831,288.52.

21.     Based upon the forgoing, there is probable cause to believe The Asset is proceeds of the sale and distribution illegal narcotics and constitutes proceeds of specified unlawful activity – specifically 21 U.S.C. §§ 846, 841(a)(1) (Conspiracy to Distribute, and to Possess with Intent to Distribute, a Controlled Substance), and thus is subject to seizure pursuant to 18 U.S.C. § 981(b) and forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C) and 984.

### IV.  CONCLUSION

36.     Based on the above, it is my belief that the forgoing evidence shows the funds/virtual currency maintained at Coinbase belonging to Matthew Luke Gillum, User ID 6453e753c0f5bd072ac3094c are suspected specified unlawful activity proceeds from the selling of illegal narcotics on Silk Road Marketplace, in violation of 21 U.S.C. §§ 846, 841(a)(1) (Conspiracy to Distribute, and to Possess with Intent to Distribute, a Controlled Substance) - and are thus subject to seizure pursuant to 18 U.S.C. § 981(b) and forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) and

All funds maintained at Coinbase bellowing to Matthew Luke Gillum, User ID 6453e753c0f5bd072ac3094c to include 2.80947677 Ethereum, 382.921671 Tether, 1,409.606976 USDC and 483.902400000 Solana

        /s/ Christopher S. Fitzpatrick
Christopher S. Fitzpatrick
Special Agent, IRS-CI

Reviewed and approved as to form

/s/ Kevin C. Khasigian
Kevin C. Khasigian
Assistant U.S. Attorney

Sworn before me and signed telephonically
on this  22nd day of March 2024.

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

AO 109 (Rev. 11/13) Warrant to Seize Property Subject to Forfeiture

# United States District Court

### **EASTERN** District of **CALIFORNIA**

| | |
|---|---|
| In the Matter of the Seizure of<br>(*Briefly describe the property to be seized*) | **WARRANT TO SEIZE PROPERTY<br>SUBJECT TO FORFEITURE** |
| All funds maintained at Coinbase belonging to Matthew Luke Gillum, User ID 6453e753c0f5bd072ac3094c to include 2.80947677 Ethereum, 382.921671 Tether, 1,409.606976 USDC and 483.902400000 Solana. | CASE NUMBER:<br><br>2:24-sw-0306 DB |

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests that certain property located in the Northern District of <u>CALIFORNIA</u> be seized as being subject to forfeiture to the United States of America.  The property is described as follows:

**All funds maintained at Coinbase belonging to Matthew Luke Gillum, User ID 6453e753c0f5bd072ac3094c to include 2.80947677 Ethereum, 382.921671 Tether, 1,409.606976 USDC and 483.902400000 Solana.**

The property is subject to seizure pursuant to 18 U.S.C. § 981(b), and subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C), and 21 U.S.C. § 881(a)(6).

I find that the affidavit(s) and any recorded testimony establish probable cause to seize the property.

**YOU ARE COMMANDED** to execute this warrant and seize the property within 14 days in the daytime 6:00 a.m. to 10:00 p.m.  You must also give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

An officer present during the execution of the warrant must prepare, as required by law, an inventory of any property seized and the officer executing the warrant must promptly return this warrant and a copy of the inventory to <u>DEBORAH BARNES</u> or <u>Any U.S. Magistrate Judge in the Eastern District of California</u>.

March 22, 2024 at 1:33pm
_____
Date and Time Issued

Sacramento, California
_____
City and State

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

AO 109 (Rev. 11/13) Warrant to Seize Property Subject to Forfeiture (Page 2)

## RETURN

| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
|---|---|---|
| | | |

Inventory made in the presence of:

Inventory of the property taken:

## CERTIFICATION

    I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

Subscribed, sworn to telephonically, and returned before me this date.

_____      _____
          U.S. Judge or Magistrate                                     Date